CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
12/3/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PAULA K.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:15-cv-00084 |
| ) | |
| ANDREW SAUL, Commissioner, Social ) | By: Elizabeth K. Dillon |
| Security Administration,[2] ) | United States District Judge |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

In this social security matter, plaintiff Paula K. moves for attorneys' fees in the amount of $22,894.50 under the Social Security Act, 42 U.S.C. § 406(b).[3] For the reasons stated below, the court will grant Paula's motion in part and award $1,515.00 in attorneys' fees to Michael L. Ritchie, Esquire, to be paid from Paula's July 20, 2018 award of past-due disability benefits.

I. BACKGROUND

In December 2011, Paula filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income with the Social Security Administration (SSA). The SSA subsequently denied her claims. On April 5, 2013, Paula retained Michael L. Ritchie, Esquire, to represent her in her disability case.

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

[3] The court recognizes that the real party in interest is counsel. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

1

Upon Paula's request, a hearing was held on May 14, 2014, before Administrative Law Judge (ALJ) Marc Mates to challenge the SSA's decision. The ALJ denied Paula's claims on June 26, 2014. On July 15, 2014, Paula requested a review of the ALJ's decision. The Appeals Council denied the request on November 6, 2015.

Paula sought judicial review pursuant to 42 U.S.C. § 405(g). (Dkt. No. 2.) On March 8, 2017, United States Magistrate Judge Joel C. Hoppe issued a Report and Recommendation (R&R) finding that substantial evidence did not support the final decision and recommending that the court remand the case for further administrative proceedings. (Dkt. No. 20.) On March 23, 2017, this court entered an order and final judgment adopting the R&R in full. (Dkt. No. 21.)

On April 6, 2017, Paula moved for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Pursuant to the parties' stipulation filed April 18, 2017, (Dkt. No. 23) the court entered an order awarding Paula attorneys' fees under the EAJA in the amount of $4,425.00 to be sent to the business address of Michael L. Ritchie, Esquire. (Dkt. No. 24.)

On remand from the court pursuant to the R&R, the ALJ granted Paula a favorable decision, finding her disabled as of July 16, 2011, and entitled to disability benefits. In its Notice of Award dated July 20, 2018, the SSA awarded Paula a total of $91,578.00 in past-due benefits for January 2012 through August 2018. (Dkt. No. 25-1.)

Paula now requests that this court award attorneys' fees in the amount of $22,894.50, or 25% of the past-due benefits award pursuant to § 406(b) of the Social Security Act.

II. DISCUSSION

The fee prescriptions set out in 42 U.S.C. §§ 406(a) and (b) "establish the exclusive regime for obtaining fees for successful representation" of Social Security benefits claimants.

*Gisbrecht*, 535 U.S. at 796. Section 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 794). Under § 406(b), the court may award a successful claimant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" from the SSA. 42 U.S.C. § 406(b)(1)(A). Paula seeks the full 25% permitted by the statute, which amounts to $22,894.50 of her $91,578.00 past-due benefits award.

*Gisbrecht* sets the legal framework for awarding attorney's fees under § 406(b). The district court must "look[] first to the contingent-fee agreement" and then "independently assess the reasonableness of its terms." 535 U.S. at 808.

## A. Paula's Contingency Fee Agreement

Paula and Mr. Ritchie signed a written Social Security Fee Agreement (Agreement) on April 5, 2013. (Dkt. No. 29-1.) The Agreement provides for the lesser of 25% of all past-due benefits or $6,000 for successful representation at "any administrative level through the first . . . ALJ decision" after the date of the Agreement. (*Id.* ¶ 2.) The Agreement also provides for "25% of all back benefits awarded" for successful representation before the Appeals Council following an ALJ's denial. (*Id.* ¶ 3.) The Agreement, however, fails to provide for attorneys' fees for representation in court: "This fee agreement does not include representation on appeal to the United States District Court. If I receive an unfavorable decision from the Social Security Administration and the attorneys agree to undertake an appeal to the United States District Court, a new fee agreement must be negotiated."[4] (*Id.* ¶ 5.) Because the Agreement pertains only to

---

[4] To the court's knowledge, no such subsequent fee arrangement was negotiated.

work performed at the administrative level and fails to address attorneys' fees for in-court representation under § 406(b), the court cannot consider it in determining whether the requested $22,894.50 fee is reasonable.[5]

This does not, however, preclude an award under § 406(b).[6] *See Artrip v. Colvin*, Civil Action No. 2:07cv00023, 2013 WL 1399046, at *2 (W.D. Va. Apr. 5, 2013) (explaining that an invalid contingency fee agreement "does not foreclose plaintiff's counsel from seeking a fee under 42 U.S.C. § 406(b) for work performed in this court"); *Thomas v. Astrue*, 359 F. App'x 968, 975 (11th Cir. 2010) ("Even though there was no valid contingency agreement in the present case, *Gisbrecht*'s principles should guide the district court in determining a reasonable § 406(b) fee."); *Greenberg v. Colvin*, 63 F. Supp. 3d 37, 50 (D.D.C. 2014) (clarifying that § 406(b) "does not demand a contingent agreement").

The court must instead consider the fee request under the traditional lodestar approach. *See Artrip*, 2013 WL 1399046, at *2 (applying the lodestar method where the contingency fee agreement was invalid); *Mounce v. Colvin*, Civil Action No. 10-cv-560-PB, 2016 WL 4444710, at *2 (D.N.H. Aug. 23, 2016) (applying a "blended approach" because there is "no enforceable fee agreement that would be entitled to deference. Nevertheless, *Gisbrecht* still provides helpful guidance by identifying a set of factors courts should review to determine a reasonable fee").

---

[5] As noted above, § 406(a) governs fees for representation in administrative proceedings and is not at issue in this motion. Previously, Paula's counsel filed a fee petition with SSA for $22,894.00 in attorney's fees pursuant to § 406(a). This fee petition, which invoked the same contingency agreement at issue in this motion, was approved for $6,000.00. (*See* Dkt. Nos. 25-4, 25-5.)

[6] *Gisbrecht* does not prohibit an award where there is no contingency fee agreement. The Court held only that district courts should give deference to valid fee agreements when determining reasonable fees under § 406(b). *See* 535 U.S. at 807 (stating that "§ 406(b) does not displace contingent-fee agreements as the *primary means* by which fees are set for successfully representing Social Security benefits claimants in court") (emphasis added).

**B. Reasonableness of Fee**

The lodestar approach multiplies the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243 (4th Cir. 2009). The court's calculation of a lodestar figure is afforded a "strong presumption" of accuracy. *McAfee v. Boczar*, 738 F.3d 81, 88–89 (4th Cir. 2013).

Based on the itemization of work performed by Mr. Ritchie and his paralegal on Paula's appeal in this court, the lodestar amount in this case is $5,940.00. (*See* Dkt. No. 22-4 at 2.) In determining whether this is a reasonable fee, the court may consider a variety of factors, including the character of the representation and the results achieved, whether counsel's actions contributed to a delay allowing an accumulation of past-due benefits, and whether past-due benefits are large in comparison to the amount of time counsel spent on the case. *Mudd*, 418 F.3d at 428 (quoting *Gisbrecht*, 535 U.S. at 808); *see also Artrip*, 2013 WL 1399046, at *2. Also relevant is "the attorney's experience litigating social security claims, the contingency risk inherent in social security disability cases," *Artrip*, 2013 WL 1399046, at *2, and even "the efforts undertaken by the claimant's attorney at all stages of representation." *Henshaw v. Barnhart*, 317 F. Supp. 2d 657, 662 (W.D. Va. 2004).

Mr. Ritchie has represented Paula at every stage of the case from 2013 to present, including her appeal to this court from 2015–17. Not only did Paula prevail on her appeal of the ALJ's 2014 decision, but she also received a favorable decision on remand to the administrative court. This decision included an award of past-due benefits dating back to more than one year before Mr. Ritchie began working on her case.

To the court's knowledge, Mr. Ritchie did not contribute to any delay of Paula's award or to the accumulation of her past-due benefits. Paula was first denied disability status by the

Commissioner in 2012, then again by the ALJ in 2014. She did not receive a favorable decision until July 2018. Any responsibility for the accumulation of Paula's past-due benefits falls on the SSA.

Mr. Ritchie has provided an itemized list of the work performed on Paula's appeal to the district court. (Dkt. No. 22-4 at 2.) The list properly divides the time expended into attorney time and nonattorney time. Mr. Ritchie billed a total of 16.35 hours, while his paralegal billed 24.70 hours for a total of 41.05 hours. (*Id.*) Paula's $91,578.00 award is not unreasonably large in comparison to the collective time expended in court-related work. *See, e.g.*, *Henshaw*, 317 F. Supp. 2d at 662 (31.4 hours expended on court-related activities where claimant recovered $75,335.00). The court also notes that Mr. Ritchie's hourly rate is $250.00, while his paralegal's hourly rate is $75.00. Courts in this district have found both categories of billing rates reasonable in similar cases. *See, e.g.*, *Henshaw*, 317 F. Supp. 2d at 662 (opining that a fee approximating $250.00 per hour is "more than reasonable for counsel's efforts" in a social security matter); *Artrip*, 2013 WL 1399046, at *5 (finding $75.00 to be a reasonable hourly rate for nonattorney time spent on a social security appeal); *Deel v. Astrue*, Civil Action No. 2:02cv00122, 2008 WL 4948440, at *2 (W.D. Va. Nov. 14, 2008) (concluding that $226.21 per hour was reasonable for representation in a § 406(b) case).

Finally, Mr. Ritchie has handled more than 100 cases before the SSA. (*See* Aff. of Pl.'s Counsel ¶ 3, Dkt. No. 22-1.) His experience litigating social security claims, the contingency risk inherent in these types of cases, and the fact that Mr. Ritchie spent a considerable amount of time representing Paula at administrative proceedings both prior to and following remand all weigh in favor of affirming the $5,940.00 lodestar amount.[7]

---

[7] The Fourth Circuit has held that the total amount of fees awarded under §§ 406(a) and 406(b) combined in a given case are subject to a limit of 25% of a claimant's past-due benefits. *See Morris v. Soc. Sec. Admin.*, 689

## C. EAJA Award

As noted above, the court previously issued an order awarding Paula $4,425.00 in fees under the EAJA. (Dkt. No. 24.) The order directed that the amount be paid directly to Paula but be sent to the business address of her counsel Mr. Ritchie. (*See id.*) While the Fourth Circuit has held that EAJA fees are payable to the prevailing party and not the attorney, *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009), here, as in most cases, Paula assigned her entitlement to EAJA fees to Mr. Ritchie. (*See* Dkt. No. 22-2.) Courts have held that if a court awards fees under § 406(b) and the EAJA, the attorney can keep only the larger of the two and must return the lesser amount to plaintiff. *See Caldwell v. Berryhill*, No. 4:15-cv-00070-TAB-TWP, 2017 WL 2181142, at *1 (S.D. Ind. May 18, 2017) (citing *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011) (overruled on other grounds by *Sprinkle v. Colvin*, 777 F.3d 421 (7th Cir. 2015)). *See Gisbrecht*, 535 U.S. at 796 (explaining that fee awards can be made under the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee"). Accordingly, the § 406(b) award of $5,940.00 must be offset by the $4,425.00 EAJA award, and that amount of $4,425.00 should be refunded to Paula. *See, e.g.*, *Walling v. Berryhill*, Case No. 4:15-cv-03246-TLW, 2019 WL 1557674, at *2 (D.S.C. Apr. 10, 2019) ("Because Plaintiff's attorney was previously awarded attorney's fees pursuant to the EAJA . . . , the Court finds that the amount of EAJA fees must be refunded to the Plaintiff pursuant to *Gisbrecht* . . . . Therefore, counsel's award of $41,040.70 should be offset by $5,986.51, and that amount of $5,986.51 should be refunded to the Plaintiff."); *see also Atwood v. Berryhill*, CIVIL

---

F.2d 495, 497–98 (4th Cir. 1982). *But see Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) (rejecting *Morris* and finding that because "the plain text of § 406(b) limits only the award of attorney's fees for representation of a Social Security claimant before the district court, we follow the Sixth and Tenth Circuits, and hold that the district court erred in concluding § 406(b) limits the total amount of attorney's fees awarded under both § 406(b) and § 406(b)"). The SSA's award of $6,000.00 in fees pursuant to § 406(a), combined with an award of $5,940.00 pursuant to § 406(b), does not exceed 25% of the past-due benefits awarded in this case.

CASE NO. 5:16-cv-00215-MR, 2019 WL 1558699, at *2 (W.D.N.C. Apr. 10, 2019) (ordering that "upon receipt of the § 406(b) fees, Plaintiff's counsel is hereby instructed to return to the Plaintiff" previously-awarded EAJA fees).

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Paula's motion for attorneys' fees (Dkt. No. 25) is GRANTED in part and DENIED in part. Paula is awarded $5,940.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b), to be paid directly to Michael L. Ritchie, Esquire, from Paula's July 20, 2018 award of past-due disability benefits. Upon receipt of the § 406(b) fees, Mr. Ritchie is hereby instructed to return to Paula the sum of $4,425.00, representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § § 2412(d).

Entered: December 3, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge